UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DENNIS L. JOHNSON, Jr., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CAUSE NO. 3:12-CV-479 PS |
| | ) |
| SUPERINTENDENT, Miami Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Dennis Johnson, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time at a prison disciplinary hearing. This matter is before the Court on the Petitioner's Amended Petition for writ of habeas corpus (DE 10).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539, 563-66 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board." *Supt., Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455 (1985).

According to the amended petition, the disciplinary hearing officer found Johnson guilty of assault inflicting serious injury, took 180 days of earned credit time from him, and demoted him to a lower credit time earning classification (DE 10 at 1). In ground one of his petition, Johnson asserts that "the evidence relied upon to find me guilty . . . was insufficient" (DE 10 at 8). Giving Johnson the benefit of the inferences to which he is entitled to at this stage of the proceedings, this ground may state a claim upon which relief may be granted.

In ground two of his amended petition, Johnson asserts that he "believe[s] that Sgt. Heishman violated D.O.C. policy by using excessive force," thus creating an environment conducive to possible injury upon both Heishman and Johnson (DE 10 at 11). But violations of prison policies do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997); *see also Boyd v. Finnan*, 348 Fed. Appx. 160, 162 (7th Cir. 2009) (finding that claim of prison's violation of Indiana's Adult Disciplinary Procedures was a state law claim that did not justify collateral relief under 28 U.S.C. § 2254). This claim does not implicate any of the due process protections afforded to prisoners by *Wolff*, 418 U.S. at 455.

Accordingly, for the foregoing reasons, the court:

(1) **GRANTS** the Petitioner leave to proceed on ground one of his amended petition for writ of habeas corpus (DE 10);

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, **DISMISSES** ground two of the amended petition; and

(3) **DIRECTS** the clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the amended petition and the order to show cause.

**SO ORDERED**.

ENTERED: November 26, 2012

 s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT