# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| DENNIS L. JOHNSON, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CV-479 PS |
| | ) | |
| SUPERINTENDENT, Miami Correctional Facility, | ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Dennis Johnson, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, and an amended petition, dealing with loss of earned credit time at a prison disciplinary hearing. In my initial review of the amended petition I dismissed ground two of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it only alleged a violation of state law (DE 11). That left ground one, sufficiency of the evidence, which I now take up.

First, a brief summary of the facts as alleged by Correctional Sergeant Trever Heishman in a conduct report charging the Petitioner with assault/battery by inflicting serious bodily injury:

> On above date and approx. time I Sgt. Heishman was searching the morning kitchen workers in Phase 1 ODR before release and during the search of Offender Johnson Dennis 974874 I found what appeared to be a cell phone. The offender rushed into the staff bathroom in an attempt to flush the contraband. I followed the offender in an attempt to prevent him from flushing what he had. During the struggle the offender pushed me into the doorframe of the bathroom resulting in a cut on my back and me hitting my elbow on the wall. I was attempting to restrain the offender and he broke the seat off the toilet and we went to the floor. I applied reverse upper scarf hold while on the floor to restrain the offender. The offender continued to resist by pulling and scratching at my right arm that resulted in further injury. Once QRT staff arrived he continued to resist by pulling his arms away from Sgt. Click and Officer Kochensparger. They were able to apply restraint even with him resisting.

(DE 17-7). Attached to the Conduct Report were photographs depicting the scene of the incident, including a broken toilet seat, along with photographs of Sergeant Heishman's injuries (DE 17-8). Sergeant Heishman's injury report reflected he suffered from a cut on his mid-back, another cut on his right arm and a contusion on his right elbow, for which he was provided medical care (DE 17-2).

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Only "some evidence" has to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

On May 30, 2012, the disciplinary hearing officer conducted a hearing and found Johnson guilty of assault and battery causing serious bodily injury (DE 17-13). The sanctions imposed included a written reprimand, forty-five days telephone and commissary loss, financial restitution, 180 days in disciplinary segregation, 180 days earned credit time deprivation and credit class demotion from Class I to Class II (*Id.*). The Petitioner unsuccessfully appealed to the facility head and the Indiana Department of Correction final reviewing authority (DE 17-14, 17-15, and 17-16).

Johnson asserts in his amended petition that "the evidence relied upon to find me guilty of a class A-102 [offense] was insufficient" (DE 10 at 8). But as noted above, the amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there

need only be "some evidence to support the decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. A reviewing court must uphold a finding of guilt if "there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-6 (emphasis added). Even the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). This meager standard makes it very difficult for an inmate to make much headway when challenging the sufficiency of the evidence.

In this case, according to a report filed by Sergeant Heishman, Heishman stated that he was conducting routine searches of the prison kitchen workers, and that when he searched Johnson he found what appeared to be a cellphone (DE 17-4). Johnson then fled to a nearby bathroom and attempted to flush the contraband down the toilet (*Id.*). When Heishman attempted to stop Johnson from disposing of the contraband, Johnson pushed him into the doorframe injuring him, and then pulled and scratched at his right arm, causing further injury (DE 17-2; 17-4 17-13). Photographs were taken of Sergeant Heishman's injuries (DE 17-8 at 4-8), which confirm that Sergeant Heishman suffered the injuries he described in his conduct report as a result of this incident.

Johnson asserts in his traverse that Sergeant Click's report to the Superintendent (DE 17-3) and his incident report (DE 17-5), as well as Sergeant Kochensparger's witness statement (DE 17-6), did not mention the struggle described by Sergeant Heishman, and that inmate Robert Baxton said in his witness statement that he saw Sergeant Heishman escorting Johnson out of the bathroom with Johnson in a choke hold and that "Johnson kept saying he wasn't trying to fight with him" (DE 17-11). Johnson argues that these statements contradict Sergeant Heishman's version of events and "completely undermines the validity of the conduct report . . ." (DE 21 at 3).

3

Contrary to Johnson's assertion, Sergeant Click's report to the Superintendent *does* state that "[u]pon arriving [at the scene], Sgt. Heishman was on the ground with an offender. While attempting to physically control the offender, he was pulling his arms away and attempting to get away from Sgt. Heishman completely" (DE 17-3). And as for the statements of Sergeant Kochensparger and Baxton, they simply establish that they were not present when the incident began. Sergeant Kochensparger stated that when he arrived Sergeant Heishman already "had offender Johnson . . . secured on the ground" (DE 17-6). Baxton stated that the first thing he saw was Sergeant Heishman bringing Johnson out of the bathroom (DE 17-11). None of these statements conflict with or undermine Sergeant Heishman's statement that Johnson fought with him and injured him when they first went into the bathroom. And even if they did contradict Sergeant Heishman's statement, it would not mean that Heishman's account of what happened would somehow no longer be some evidence of Johnson's guilt.

Recall that I must uphold the finding of guilt if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Sergeant Heishman's conduct report, which is based on his personal observations, states that Johnson attacked him when he attempted to prevent Johnson from flushing contraband down a toilet and this plainly constitutes "some evidence" to support the decision of the prison disciplinary board. *Id.* Sergeant Heishman's conduct report also states that he suffered injuries as a result of Johnson's actions, and the photographs taken of Sergeant Heishman after the incident (DE 17-8 at 4-8) confirm that he did receive injuries as a result of the incident with Johnson. The conduct report and photographs are sufficient to support the disciplinary hearing board's finding of guilt in this case.

4

For the foregoing reasons, I **DENY** the amended petition for writ of habeas corpus [DE 10] and **DIRECT** the Clerk to close this case.

    **SO ORDERED**.
    ENTERED: May 23, 2013

                                              s/ Philip P. Simon
                                          PHILIP P. SIMON, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT